NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUBEN MICHAEL MORAGA, *Appellant.*

No. 1 CA-CR 14-0234
FILED 7-7-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-105209-001
The Honorable Cynthia Bailey, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Donn Kessler joined.

---

**T H U M M A**, Judge:

**¶1**         Ruben Michael Moraga appeals from his conviction and resulting sentence for aggravated assault. Moraga argues reversible error when the superior court sustained the State's objection to a hypothetical question on cross-examination of a testifying detective. Because Moraga has shown no error, the conviction and sentence are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**         Moraga was charged with aggravated assault (resulting in a fracture of any body part), a Class 4 dangerous felony. At trial, the State called five witnesses and introduced exhibits. The evidence showed two men lured the victim from his backyard one night, asking him for cigarettes. As the victim approached the men, he saw Moraga was with them. Moraga confronted the victim about "spreading rumors about him being a child molester." Moraga then punched the victim, knocking him to the ground and breaking his jaw.

**¶3**         The victim told the responding police officer that Moraga "sucker punched" him. A detective interviewed Moraga a few weeks later, and a video recording of a portion of that interview was presented at trial. In the video, Moraga admits to punching the victim and says that doing it was wrong. Moraga also mentions the victim appeared to be "a little bit tipsy or whatnot" that night. The victim, when he testified at trial, admitted he probably consumed "at least two" beers that night.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

¶4      During cross-examination of the detective, Moraga challenged the adequacy of the police investigation. The detective testified it was his understanding the victim had been drinking that night based on Moraga's statements. The detective agreed that alcohol consumption could be an important factor and confirmed he did not follow up with the victim to ask whether he had been drinking. The following exchange then occurred:

> Defense Counsel: Okay. When you do DUI [driving under the influence] cases and you stop people, is it your training experience that people minimize how much alcohol they consumed?
>
> Detective: I can't say what people tell me. Some –– I guess I don't know what you're asking.
>
> Defense Counsel: For example, people stopped for DUI ––
>
> Prosecutor: Objection. Relevance.
>
> Defense Counsel: I haven't finished my –– I need an answer to the past question.
>
> The Court: Well, re-ask your question.
>
> Defense Counsel: Well, hypothetically when you pull somebody over for DUI, how often do you hear somebody say they've had two beers?
>
> Prosecutor: Objection, your Honor. Relevance.
>
> Defense Counsel: It's a hypothetical.
>
> The Court: Sustained as to relevance.

Moraga did not pursue this line of questioning, challenge this ruling or provide an offer of proof but, instead, moved on to a different topic.

¶5          The jury found Moraga guilty as charged. After admitting to an aggravating factor and three prior felony convictions, Moraga was sentenced to a mitigated term of eight years in prison. Moraga timely appealed. This court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031, and -4033(A)(1) (2015).[2]

## DISCUSSION

¶6          Moraga argues the superior court violated his constitutionally protected right to attack the adequacy of a police investigation by sustaining on relevance grounds the objection to his hypothetical question regarding DUI investigations. This court reviews the decision to limit the scope of cross-examination for an abuse of discretion. *State v. Riggs*, 189 Ariz. 327, 333, 942 P.2d 1159, 1165 (1997).

¶7          The Sixth Amendment guarantees the right of criminal defendants to confront adverse witnesses, including cross-examination. *See* U.S. Const. amend. VI; *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). The right to cross-examination, however, is not unlimited. *State v. Fleming*, 117 Ariz. 122, 125, 571 P.2d 268, 271 (1977). Instead, the right "is limited to the presentation of matters admissible under ordinary evidentiary rules, including relevance." *Riggs*, 189 Ariz. at 333, 942 P.2d at 1165 (quotation omitted). Evidence is relevant when it tends to make a fact of consequence more or less probable. *See* Ariz. R. Evid. 401. Even when a question seeks relevant evidence, the superior court may reasonably limit cross-examination "based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *State v. Cañez*, 202 Ariz. 133, 153, 42 P.3d 564, 584 (2002) (quotation omitted); *accord* Ariz. R. Evid. 403.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8 As applied, the State charged Moraga with aggravated assault and Moraga asserted a self-defense justification. Aggravated assault as charged requires proof that the defendant (1) intentionally, knowingly or recklessly caused a physical injury to the victim and (2) the means of force used caused a fracture to the victim's body. *See* A.R.S. §§ 13–1203(A)(1), –1204(A)(3). By statute, subject to certain exceptions, "a person is justified in threatening or using physical force against another when and to the extent a reasonable person would believe that physical force is immediately necessary to protect himself against the other's use or attempted use of unlawful physical force." A.R.S. § 13-404(A).

¶9 Because this case did not involve any DUI suspects, charges or investigations, the superior court properly could conclude that the answer to the hypothetical question of how often DUI suspects "say they've had two beers" would not make a fact of consequence more or less probable. *See* Ariz. R. Evid. 401. Stated differently, the answer to the hypothetical question that the witness was not allowed to answer would not tend to make it more or less probable that Moraga committed aggravated assault or that the self-defense justification applied. Moreover, the superior court properly could conclude that any marginal relevance for the answer was substantially outweighed by a danger of unfair confusion of the issues or other grounds listed in Arizona Rule of Evidence 403. *Cañez*, 202 Ariz. at 153 ¶ 62, 42 P.3d at 584. Thus, even if the answer may have been marginally relevant, the superior court did not abuse its discretion in sustaining the objection on this independent ground.

¶10 Moraga argues the answer to this hypothetical question was necessary to put the investigation into an understandable context for the jury and, in sustaining the objection, the superior court improperly interfered with his constitutional right to argue the police investigation was inadequate. The evidence, however, was properly excluded under the Arizona Rules of Evidence. Moreover, the ruling did not prevent Moraga from arguing that the police investigation was inadequate. Indeed, Moraga's counsel forcefully argued that point during closing argument, relying on other evidence elicited during trial.

¶11        The evidentiary ruling was proper and no constitutional violation resulted from it. Because Moraga has shown no error, this court need not address whether review on appeal is limited to fundamental error. *See State v. Alvarez*, 213 Ariz. 467, 473 ¶ 20, 143 P.3d 668, 674 (App. 2006) ("Finding no error in the court's evidentiary ruling, we need not address whether any alleged error was fundamental and prejudicial."); *State v. Henderson*, 210 Ariz. 561, 568 ¶ 23, 115 P.3d 601, 608 (2005) (defendant "must first prove error" under fundamental error review).

## CONCLUSION

¶12        Because Moraga has shown no error, his conviction and resulting sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama